COMMONWEALTH *vs.* DONALD R. VILLELLA.

No. 94-P-826.

Essex. September 19, 1995. - November 17, 1995.

Present: BROWN, PORADA, & FLANNERY, JJ.

*Probable Cause. Constitutional Law*, Search and seizure, Probable cause. *Search and Seizure*, Probable cause, Affidavit. *Practice, Criminal*, Motion to suppress, Required finding. *Controlled Substances. Evidence*, Certificate of drug analysis.

In a criminal case, the circumstances of a "controlled buy" set forth in an affidavit accompanying an application for a search warrant, wherein police officers supervised a confidential informant's purchase of marijuana from the defendant at his residence through an intermediary in the same way that the informant said he had done in the past, were sufficient to establish probable cause for the issuance of the warrant. [427-428]

At a hearing on a motion to suppress evidence, the judge's findings supported his conclusion that probable cause supported the issuance of a search warrant. [428]

A judge in a jury-of-six session governed by the one trial system established by St. 1986, c. § 37, did not abuse his discretion in declining to grant a rehearing of a defendant's motion to suppress evidence where the defendant, raising the same issues previously heard and ruled upon, did not make a showing that substantial justice required a rehearing. [428-429]

Ample evidence supported a criminal defendant's convictions of possession of marijuana with intent to distribute and distribution of marijuana. [429-430]

At the trial of narcotics offenses the defendant did not demonstrate any misfeasance on the part of the chemist who performed the analysis of the controlled substances in question as would be admissible to rebut the prima facie effect of the certificates of analysis. [430]

COMPLAINT received and sworn to in the Lynn Division of the District Court Department on February 6, 1991.

A motion to suppress evidence was heard by *Joseph A. Furnari*, J., and, after the case was transferred to the jury

session of the Peabody Division, the case was heard by *Robert E. Hayes*, J.

*Richard C. Chambers* for the defendant.

*Susanne G. Levsen*, Assistant District Attorney, for the Commonwealth.

PORADA, J. The defendant, after a jury-waived trial in the jury session of the Peabody Division of the District Court, was convicted of possession of marijuana with intent to distribute and distribution of marijuana. On appeal he challenges the denials of his motion to suppress, his motion for a rehearing of that motion, his motion for a required finding of not guilty, and his motion in limine to strike the certificates of analysis. We affirm the convictions.

1. *Motion to suppress.* The defendant contends that we should reverse the decision of the District Court judge denying his motion on the grounds that the magistrate lacked probable cause to issue an anticipatory search warrant, and the motion judge made erroneous findings of fact. The defendant argues that the officer who submitted the affidavit accompanying his application for a search warrant did not establish the veracity or reliability of the confidential informant upon whom he relied for information that the defendant was selling marijuana out of his home. The affiant admitted that the reliability of the confidential informant had not yet been proven, but stated that the informant had supplied detailed information about the defendant, some of which the affiant had verified. While police corroboration of details furnished by an informant can establish his reliability and basis of knowledge, *Commonwealth* v. *Warren*, 418 Mass. 86, 89 (1994), the affiant did not rely solely on his corroboration of several of the details furnished by the informant. Rather, he outlined a controlled buy to be supervised by him in which the informant would buy marijuana from the defendant at his residence through an intermediary in the same way that the informant claimed he had done in the past.

It is well settled that a controlled buy supervised by police provides probable cause to issue a search warrant. *Commonwealth* v. *Luna*, 410 Mass. 131, 134 (1991). *Commonwealth*

v. *Warren*, 418 Mass. at 89. The defendant argues, however, that that principle is inapplicable here because the buy was not made by the informant but rather an intermediary, who himself was not subject to search before or after the alleged buy. The defendant overlooks our holding in *Commonwealth* v. *Tshudy*, 34 Mass. App. Ct. 955 (1993), in which we held that a controlled buy conducted by an intermediary who was not subject to search before or after the buy but was under police surveillance during the buy provided probable cause to issue a search warrant. Such was the case here. We therefore conclude that the circumstances of the controlled buy were sufficient to establish probable cause for the issuance of the search warrant.[1]

The defendant claims that the motion judge's decision should be reversed because of his finding that "[t]he informant's tip was based on actual knowledge and personal observation of a prior sale to him of marijuana by this Defendant." We conclude that that finding is erroneous only in so far as it suggests that the confidential informant bought marijuana directly from the defendant rather than through an intermediary as set forth in the affidavit accompanying the search warrant. Notwithstanding this misstatement, his other findings support his conclusion, and in any event, this misstatement is of no consequence because we are in as good a position as the motion judge to examine the four corners of the affidavit. *Commonwealth* v. *Cefalo*, 381 Mass. 319, 328-330 (1980). As noted, we are of the opinion that the affidavit was sufficient to support the issuance of the warrant.

2. *Denial of a rehearing of the motion to suppress.* The defendant claims that the judge in the jury-of-six session

---

[1]The defendant also argues that the search warrant was invalid because it failed to indicate that it was to be executed only upon the completion of the controlled buy in the manner described in the affidavit. Although it would have been preferable for the magistrate to have defined the conditions for execution of the warrant, we do not find this omission fatal since the affidavit informed the magistrate of the circumstances which were to occur prior to the search. See *Commonwealth* v. *Soares*, 384 Mass. 149, 155 (1981). In addition, the motion judge indicated in his findings that the conditions for the warrant's execution were satisfied.

erred in declining to hear his motion to suppress. There was no error.

The defendant filed his initial motion in the Lynn Division of the District Court where the motion was heard and denied. Thereafter, the defendant claimed his right to a first instance jury trial, and the case was transferred to the Peabody Division of the District Court jury-of-six session. The defendant refiled his motion to suppress in the jury-of-six session. The judge in the jury session declined to rehear the motion.

At the time the motions were filed, the District Courts in Essex County were governed by the one trial system established by St. 1986, c. 537. In the circumstances described, the judge had the discretion to rehear the motion upon a showing that substantial justice required a rehearing. *Id.* at § 19. See also Rule 4 of the Special Rules of Criminal Procedure for District Court Criminal Cases in Essex and Hampden Counties, effective July 1, 1987. No such showing was made by the defendant. The defendant raised substantially the same issues in his second motion as previously heard and ruled upon by another judge. Accordingly, the judge did not abuse his discretion in declining to grant a rehearing of the motion.

3. *Motion for a required finding.* The defendant argues that the evidence was insufficient to support his convictions. We disagree. Viewing the evidence in the light most favorable to the Commonwealth, *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-677 (1979), there was ample evidence to send the case to the jury.

Here, the Commonwealth presented evidence of the mechanics of the controlled buy. The police first searched the informant and his car to assure that he did not then possess drugs; they then gave him marked money for the buy and watched him until he met the intermediary. The police then followed the informant and the intermediary to the defendant's residence. The police saw the intermediary (with nothing in his hands) enter the defendant's home and a short time later leave with a package in his hand, which he

secreted in his belt. The police then observed him enter the informant's car and later exit it. The informant, who was still under surveillance, returned to the police and delivered a bag of marijuana. Upon delivery of the marijuana, the police entered the defendant's home and discovered bags of marijuana in his basement and the marked money for the buy on his person. The defendant admitted that all the marijuana in the house belonged to him. The police also found $4,750 secreted in the den of the defendant's home. This evidence was sufficient to withstand the defendant's motion.

4. *Motion to strike the certificates of analysis.* The defendant argues that the trial judge should have allowed his motion to strike the certificates of analysis in this case on the grounds that (1) the chemist who performed the analysis had on prior occasions been found to have tampered with evidence or given false analyses, and (2) the Commonwealth's failure to provide this information constituted a breach of their duty to disclose exculpatory evidence. Faced only with the defendant's representation that the chemist in question had been guilty on prior occasions of misfeasance in the performance of his duties, the judge properly denied the motion. Even if the defendant had been able at trial to substantiate this representation with proof and to demonstrate its probative value, the appropriate remedy would not have been to strike the certificates but to allow this evidence to be introduced at trial to rebut the prima facie effect of the certificates of analysis under G. L. c. 22C, § 39. See *Commonwealth* v. *Westerman*, 414 Mass. 688, 700 (1993).

We comment further on the defendant's claim. The defendant has included in his appendix a report of the Commissioner of the Department of Public Safety on which he based his representation of the chemist's misfeasance.[2] This report indicates that the commissioner suspended the chemist in

---

[2]This report was not part of the record below, and defense counsel did not request our permission to expand the record. Nevertheless, in the interest of judicial economy, we have expanded the record to include it because both parties have addressed its content in arguing the merits of the defendant's claim of error.

question for six months because he apparently identified only heroin in a substance which later testing revealed contained additional chemicals and failed to account properly for all evidence submitted for analysis. Contrary to the defendant's assertion, this is not a case where the chemist was found to have tampered with the evidence or made a misdiagnosis. Accordingly, the report itself was not exculpatory because it did not tend to negate the guilt of the accused. *Commonwealth* v. *Ellison*, 376 Mass. 1, 22 & n.9 (1978).

*Judgments affirmed.*