COMMONWEALTH *vs.* HENRY LEVON SMITH. No. 00-P-1610. February 7, 2003. *Constitutional Law*, Search and seizure, Probable cause. *Search and Seizure*, Warrant, Affidavit, Probable cause. *Probable Cause. Controlled Substances.*

After a jury-waived Superior Court trial, the defendant, Henry Levon Smith, was found guilty of trafficking in cocaine (indictment no. 48068), distribution of marijuana (no. 48069), possession of marijuana with intent to distribute (no. 48070), and assault (no. 48072). The case comes before us as a result of Smith's unsuccessful pretrial challenge, under *Franks* v. *Delaware*, 438 U.S. 154 (1978), to the validity of a search warrant for his home. Although he agrees that the motion judge (who also sat as trial judge) properly excised a factual misrepresentation from the search warrant affidavit,[1] he asserts that the judge erred when he concluded that what remained in the affidavit was sufficient, standing alone, to supply probable cause to support the warrant. Consequently, Smith argues, his motion to suppress the fruits of the search (a gun, cocaine, marijuana, drug-related paraphernalia and cash) was wrongly denied. We conclude that the judge should have allowed the defendant's motion to suppress, as the evidence remaining in the affidavit after excision does not establish probable cause for the search.

*Background.* According to his affidavit in support of the search warrant request, Detective Russell Giammarco is a veteran member of the Barnstable police department who had been cooperating with the Cape Cod drug task force in an ongoing investigation of Smith's suspected drug activity since April, 1998. Detective Giammarco's sworn statement said the following about Smith: he is a black male; resides at 42 Short Way, West Yarmouth; operates a yellow Cadillac automobile with Massachusetts registration number 559YKG; was convicted for distribution and possession of cocaine in Florida in 1986 and 1988; and was "arraigned" in Massachusetts fifteen times, but never for drug-related offenses.

The redacted affidavit also describes three controlled buys of marijuana from Smith during several weeks leading up to his arrest, all at locations other than his residence. On the first occasion, during the week of July 5, 1998, the buy was executed with the aid of a confidential source, who was familiar with Smith and his vehicle, having purchased marijuana from him on previous, unspecified occasions. After this particular buy, Smith was observed driving his yellow Cadillac back to his home at 42 Short Way.

A Barnstable undercover officer conducted two subsequent drug purchases

---

[1]The motion judge found that the affidavit contained a material misrepresentation of fact in its assertion that the officers saw marijuana at the defendant's home when they responded to a domestic violence complaint at that location. We decline the Commonwealth's suggestion that subsequent evidentiary rulings by the same judge at trial constituted, in effect, a reversal of his original finding.

from the defendant. During the last of these, which took place during the week of July 19, 1998, Smith was observed driving from 42 Short Way directly to the parking lot where the buy took place.

*Discussion.* The legal requirements that pertain to applications for search warrants in drug cases such as the present one are well established and set forth in *Commonwealth* v. *Chongarlides*, 52 Mass. App. Ct. 366, 369-371 (2001). Here, it is sufficient to state that the affidavit supporting the search warrant request must demonstrate that there is probable cause to believe that drugs or related evidence will be found in the defendant's residence, the location to be searched. There must be "specific information in the affidavit which tie[s] the defendant's residence to illegal drug transactions, other than that he lived at those premises." *Commonwealth* v. *Olivares*, 30 Mass. App. Ct. 596, 600 (1991) (no specific information in affidavit connecting defendant's residence to drug sales except observation of defendant departing from house and going to his place of business where controlled buy occurred).

The "fundamental flaw" in the affidavit before us is that it does not explain why there was probable cause to believe that drugs or related evidence would be found at 42 Short Way other than it being the residence of the defendant. See *Commonwealth* v. *Chongarlides*, 52 Mass. App. Ct. at 370. The confidential source cited in the affidavit does not indicate any familiarity with the defendant's residence other than to state that he "lives in the West Yarmouth area," nor does the source claim ever to have been inside 42 Short Way. Moreover, the source does not allege that Smith either conducted drug transactions from 42 Short Way or kept drugs or related items there. "Notably absent [was] reliable specific information from any quarter placing illegal drugs or drug transactions there in the past." *Commonwealth* v. *Kaufman*, 381 Mass. 301, 304 (1980).

The observations of the undercover officers also fail to bolster the affidavit. In essence, they relate that the defendant lived at 42 Short Way and that on one occasion he was seen driving from that location to a place where he sold drugs to an undercover officer. On another occasion, Smith was observed returning to 42 Short Way after a surveilled drug sale. These factors add little to the Commonwealth's position. Indeed, they are even less telling than the particulars in *Commonwealth* v. *O'Day*, 56 Mass. App. Ct. 833 (2002), in which we concluded that the motion to suppress evidence seized at the defendant's home should have been allowed based on the Commonwealth's failure to establish a nexus between the defendant's residence and his illegal drug activities at another location. In *O'Day*, the affidavit related that the defendant lived at a certain address and on two occasions was surveilled driving directly from his residence to his workplace where he proceeded to conduct drug transactions, including two controlled buys. Moreover, there was evidence that an undetermined number of cars made brief visits to the defendant's home during two periods of surveillance conducted three weeks apart.

Here, the observations by the police of the defendant driving, either to or from his home, without more, established no connection between his home and the controlled buys, unlike in *Commonwealth* v. *Blake*, 413 Mass. 823 (1992), cited by the Commonwealth. In *Blake*, "the defendant was selling large amounts of drugs out of his apartment," told an informant that he had twenty-five ounces of cocaine "on hand" there, and was observed driving directly from his apartment to the location where he was to sell nine ounces of cocaine to the informant. *Id.* at 829.

The affidavit, absent the redacted material, did not establish a substantial basis for concluding that the defendant was keeping drugs or related items at the address to be searched. *Commonwealth* v. *Chongarlides,* 52 Mass. App. Ct. at 370-371. See *Commonwealth* v. *Donahue,* 430 Mass. 710, 712 (2000) ("The affidavit need not convince the magistrate beyond a reasonable doubt, but must provide a substantial basis for concluding that evidence connected to the crime will be found on the specified premises"). Consequently, in these circumstances, the warrant to search Smith's residence was not supported by probable cause and the defendant's motion to suppress under *Franks* v. *Delaware,* 438 U.S. 154 (1978), should have been allowed. Moreover, the defendant's convictions for trafficking in cocaine (no. 48068) and possession of marijuana with intent to distribute (no. 48070) must be set aside as they derive entirely from the suppressed evidence. We need not reach Smith's additional arguments for suppression.

Finally, as Smith did not move below to dismiss any of the charges against him based on police misconduct, we do not consider his claim, argued for the first time on appeal, that they should all have been dismissed on that ground. Thus, as the defendant makes no other argument concerning his convictions for distribution of marijuana (no. 48069) and assault (no. 48072), and, as those convictions are not related to the search of 42 Short Way, they are unaffected by our decision.

*Conclusion.* The order denying the motion to suppress is reversed, the verdicts on indictment nos. 48068 and 48070 are set aside, and judgment is to enter for the defendant on both of those indictments. The remaining judgments are affirmed.

*So ordered.*

*Stephen B. Hrones* for the defendant.

*J. Thomas Kirkman,* Assistant District Attorney, for the Commonwealth.