COMMONWEALTH *vs.* STANLEY J. BALDASARO. No. 03-P-289. November 29, 2004. *Controlled Substances. Constitutional Law,* Search and seizure, Probable cause. *Search and Seizure,* Probable cause.

Following his conviction for trafficking in cocaine,[1] the defendant appeals, claiming error in the denial of his motion to suppress evidence seized in his motel apartment pursuant to a warrant. The defendant maintains that the affidavit submitted in support of the warrant application did not establish probable cause. We conclude otherwise, holding that the affidavit contained "enough information for [the] issuing magistrate to determine that the items

---

[1]To facilitate his appeal from the denial of his motion to suppress, the defendant waived his right to a jury trial and agreed to the Commonwealth's recitation of the facts. The trial judge found him guilty of drug trafficking, in violation of G. L. c. 94C, § 32E(*b*)(1).

sought [were] related to the criminal activity under investigation" and "reasonably [could] be expected to be located in the place to be searched." *Commonwealth* v. *Cruz*, 430 Mass. 838, 840 (2000), quoting from *Commonwealth* v. *Cinelli*, 389 Mass. 197, 213, cert. denied, 464 U.S. 860 (1983).

"[O]ur inquiry as to the sufficiency of the search warrant application always begins and ends with the 'four corners of the affidavit.' " *Commonwealth* v. *O'Day*, 440 Mass. 296, 297 (2003), quoting from *Commonwealth* v. *Villella*, 39 Mass. App. Ct. 426, 428 (1995). Here, the salient portions of the affidavit may be summarized as follows.[2] In October, 1999, two unnamed confidential informants told the police that the defendant was selling cocaine in certain bars in the Hyannis area, that the defendant's source of supply was in Boston, and that he routinely traveled to Boston to pick up cocaine. The informants provided information regarding the quantities that the defendant was selling to his customers as well as the quantities that he was purchasing in Boston. In February, 2000, the second informant reported to police that the defendant had moved his residence to a second-floor apartment at a local motel, and that he was selling cocaine from that apartment in addition to delivering it to customers. Within forty-eight hours of the warrant application, the second informant made a controlled purchase of cocaine (recounted in some detail) from the defendant at the defendant's apartment.[3]

As the Commonwealth acknowledges, the information supplied by the two unnamed confidential informants, standing alone, was insufficient to establish probable cause, as neither the "basis of knowledge" nor the "veracity" prongs of the *Aguilar-Spinelli*[4] test was met. See *Commonwealth* v. *Warren*, 418 Mass. 86, 88 (1994). However, the controlled buy, conducted with the assistance of the second confidential informant and completed within forty-eight hours of the search warrant application, sufficed to supply the necessary probable cause. *Id.* at 89. *Commonwealth* v. *Cruz, supra* at 842 n.2. *Commonwealth* v. *O'Day, supra* at 302. See *Commonwealth* v. *Benlien*, 27 Mass. App. Ct. 834, 838-839 (1989). Although the defendant contends that there remains doubt as to the extent to which a controlled buy may be used to establish probable cause, relying upon *Commonwealth* v. *Carrasquiello*, 45 Mass. App. Ct. 772, 777 n.7 (1998), any such doubts appear to have been laid to rest by the Supreme Judicial Court in *Commonwealth* v. *Cruz, supra*, and *Commonwealth* v. *O'Day, supra*. In any event, the controlled buy in the present case did not stand in isolation; it served to corroborate the information previously supplied by the informants, supporting (at least as to the second informant) both their basis of knowledge and their veracity.

*Judgment affirmed.*

*Douglas J. Beaton* for the defendant.

*Julia K. Holler*, Assistant District Attorney, for the Commonwealth.

---

[2]Because the Commonwealth does not challenge a redaction to the affidavit that was made during proceedings below, we do not consider the stricken material, which referred to a prior arrest of the defendant, later found to be the product of an illegal search.

[3]The defendant does not challenge the manner in which the controlled buy was performed.

[4]See *Aguilar* v. *Texas*, 378 U.S. 108 (1964); *Spinelli* v. *United States*, 393 U.S. 410 (1969).