*Alex Feinman*, pro se.

PATRICIA RENEE PINA *vs.* MASSACHUSETTS SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS. May 19, 2006. *Supreme Judicial Court,* Appeal from order of single justice, Superintendence of inferior courts. *Practice, Criminal,* Appeal.

Patricia Renee Pina appeals from a judgment of the county court denying relief under G. L. c. 211, § 3, without a hearing. We affirm the judgment.

Based on the observations of a law enforcement officer of the Massachusetts Society for the Prevention of Cruelty to Animals (MSPCA), a warrant issued from the District Court for the seizure of any animals, living or dead, found on Pina's farm. The warrant was executed, and several dozen horses and sheep were seized. Pursuant to G. L. c. 272, § 104, inserted by St. 2002, c. 435, the MSPCA filed a petition for the posting of security for reasonable expenses incurred in the care of the animals. The petition was allowed, and

---

clerks, and two assistant district attorneys.

Pina was ordered to post such security, although not in the amount the MSPCA requested. Pina has filed several motions, as well as commencing an independent civil action, in an effort to vacate the security order and to retrieve the animals. These efforts culminated in her G. L. c. 211, § 3, petition, which the single justice denied.[1]

Pina is appealing from the denial of relief from interlocutory rulings of the trial court. As such, she was required to file a memorandum and appendix in accordance with S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), "set-[ting] forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." She did not do so. This failure presents "an independent ground for not disturbing the single justice's judgment." *Afrasiabi* v. *Rooney*, 432 Mass. 1006, 1007 (2000).

Further, Pina has not shown that review of the challenged orders could not be obtained on appeal from any criminal conviction or from an order that she forfeit the animals. See G. L. c. 272, § 104 (*f*). She has presented no reason why such review would not be adequate to address whether the warrant was sufficiently specific, whether it was supported by probable cause, and whether the Commonwealth is withholding exculpatory evidence. All these issues are commonly resolved on appeal from criminal convictions. See, e.g., *Commonwealth* v. *Forish*, 61 Mass. App. Ct. 554, 560 (2004) (warrant lacked particularity as to objects of the search); *Commonwealth* v. *Smith*, 57 Mass. App. Ct. 907, 908-909 (2003) (search warrant lacked probable cause); *Commonwealth* v. *Vaughn*, 32 Mass. App. Ct. 435, 438-440 (1992) (failure to disclose material exculpatory evidence). Further, challenges to an order that a party post security are commonly resolved by the aggrieved party refusing to post security, suffering the consequences, and appealing therefrom. See *Matter of an Appeal Bond (No. 1)*, 428 Mass. 1013 (1998) (summary process). Pina has not shown that this case should be treated any differently. In these circumstances, the single justice neither abused his discretion nor committed an error of law by denying relief under G. L. c. 211, § 3.

*Judgment affirmed.*

*Timothy W. Mungovan (Stephen M. LaRose* with him) for the defendant.
*Patricia Renee Pina*, pro se.

---

[1]After the single justice denied the petition, a show cause hearing was held in the District Court pursuant to G. L. c. 272, § 104, after which a criminal complaint issued charging Pina with violations of the animal cruelty laws.