COMMONWEALTH *vs.* JOSE MEDINA. March 19, 2009. *Constitutional Law,* Search and seizure, Probable cause. *Search and Seizure,* Affidavit, Probable cause. *Probable Cause.*

The Commonwealth appealed from the order of a judge in the Superior Court allowing the defendant's motion to suppress approximately forty grams of cocaine, cash, and various items indicative of drug distribution seized by police officers during a search of the defendant's residence. A single justice of this court granted the Commonwealth's application for leave to pursue an interlocutory appeal, and in an unpublished decision pursuant to its rule 1:28, the Appeals Court affirmed. *Commonwealth* v. *Medina,* 70 Mass. App. Ct. 1109 (2007). We allowed the Commonwealth's motion for further appellate review. For reasons set forth in our recent decision of *Commonwealth* v. *Pina, ante* 438 (2009), we now affirm the order allowing the motion to suppress.

On September 19, 2002, Brockton police officers executed a warrant authorizing a search of the defendant's residence at 23 Clinton Avenue, apartment one, in Brockton.[1] The defendant claims that the affidavit filed in support of the warrant application was deficient because it contained insufficient facts to establish probable cause to believe that drugs would be found in his apartment. We agree.

This case is governed by *Commonwealth* v. *Pina, supra.* There, we reiterated the principle that evidence establishing that a person may be guilty of illicit drug activity does not necessarily establish probable cause to search that person's residence for drugs. We stated that "the fact that a defendant drives from his home to the location of a drug transaction, and returns to his home on the transaction's conclusion, with no other facts connecting the residence to drug sales, does not provide probable cause to search the residence." *Commonwealth* v. *Pina, supra* at 441, citing *Commonwealth* v. *Smith,* 57 Mass. App. Ct. 907, 908 (2003).

The affidavit before us contains the following information linking the defendant's drug activity to his apartment: (1) he drove from the apartment to a prearranged location where he sold cocaine to a police informant; and (2) after the sale, he drove back to his apartment. The obvious flaw, as was the case in the *Pina* and *Smith* decisions, is that the affidavit lacks the requisite nexus between the items to be searched for (drugs and drug paraphernalia) and the place to be searched (the defendant's apartment) to constitute probable cause to search. It follows that the defendant's motion to suppress properly was allowed.

---

[1]That same day Brockton police officers also executed a warrant authorizing a search of the defendant's automobile. Both warrants were based on information contained in a single supporting affidavit. The warrant for the automobile search is not before this court.

The order allowing the defendant's motion to suppress is affirmed.[2]

*So ordered.*

*Kristen A. Stone*, Assistant District Attorney, for the Commonwealth.

*Joseph F. Krowski, Jr.*, for the defendant.

---

[2]Justice Cordy is of a contrary view, as is Justice Cowin, for the reasons set forth in *Commonwealth* v. *Pina, ante* 438, 443-446 (2009) (Cordy, J., dissenting).

