In this interlocutory appeal, the Commonwealth appeals from the portion of the order allowing the defendant's motion to suppress items obtained during a search of his residence, conducted pursuant to a warrant. We reverse.
The motion judge concluded, as the defendant argued, that the facts asserted in the affidavit did not provide a sufficient nexus with the defendant's residence to establish probable cause to search it. We disagree. "To establish probable cause to obtain a search warrant, the affidavit must 'contain enough information ... to determine that the items sought are related to the criminal activity under investigation, and that they may reasonably be expected to be located in the place to be searched.' " Commonwealth v. O'Day, 440 Mass. 296, 300 (2003), quoting from Commonwealth v. Cefalo, 381 Mass. 319, 328 (1980). The affidavit must show "a sufficient nexus between the defendant's drug-selling activity and his residence to establish probable cause to search the residence." Id. at 304. "[O]ur inquiry as to the sufficiency of the search warrant application always begins and ends with the 'four corners of the affidavit.' " Id. at 297, quoting from Commonwealth v. Villella, 39 Mass. App. Ct. 426, 428 (1995). "[T]he affidavit should be read as a whole, not parsed, severed, and subjected to hypercritical analysis." Id. at 301, quoting from Commonwealth v. Blake, 413 Mass. 823, 827 (1992).
Here, an experienced narcotics officer observed the defendant leave his residence on three separate occasions to drive directly to a prearranged location in order to sell drugs to a confidential informant. The contours of each controlled sale through completion were observed by law enforcement officers. On each occasion, the confidential informant stated that the defendant was the seller, and turned over the drugs to the officers. To be sure, the affidavit does not state whether the defendant returned to his residence on any of these three occasions. It is also true that we cannot exclude the possibility that the defendant may also have stored drugs in the car he used to drive to the transactions, rather than in his house. But "[n]o bright-line rule can establish whether there is a nexus between suspected drug dealing and a defendant's home," Commonwealth v. Escalera, 462 Mass. 636, 643 (2012), nor does the law require that every alternate possibility be excluded. See id. at 646 ("That evidence of the defendant's drug sales might also have been found in the defendant's vehicle does not detract from the conclusion that there was probable cause to search [his residence]").
The observations here were sufficient to establish a pattern of behavior connecting the defendant's residence to his drug business. See ibr.US_Case_Law.Schema.Case_Body:v1">id. at 645-646 (nexus between the defendant's drug dealing activities and home was established where police observed the defendant drive from his home directly to drug transactions on three occasions and return each time); Commonwealth v. Tapia, 463 Mass. 721, 726-728 (2012) (nexus established where police, while effectuating three controlled buys, observed the defendant leaving her residence, arriving at the drug deal location immediately thereafter for each, and returning twice); Commonwealth v. Hardy, 63 Mass. App. Ct. 210, 212-213 (2005) (nexus established where the defendant drove directly from his residence to the drug transaction during two controlled buys and other transactions that appeared to be drug transactions); Commonwealth v. Colon, 80 Mass. App. Ct. 162, 167 (2011) (nexus established where police observed the defendant leave his residence twice prior to delivering drugs and return three times even though there was no evidence of the transactions taking place at the defendant's home).[2]
So much of the order on the defendant's motion as allowed suppression of the evidence recovered in the defendant's home is accordingly reversed, and a new order shall enter denying the motion in its entirety.
So ordered.
Reversed in part.

We have doubt that Commonwealth v. Smith, 57 Mass. App. Ct. 907, 908-909 (2003), upon which the motion judge heavily relied, has much vitality, if any, after the decision in Commonwealth v. Escalera, supra.