NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-761

COMMONWEALTH

vs.

KEVIN SMYTH.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In this interlocutory appeal[1] from an order allowing the defendant's motion to suppress,[2] the Commonwealth argues that the judge erred in concluding that the affidavit supporting the application for a warrant did not establish probable cause to search the defendant's home for evidence connected to the distribution of marijuana. Because we agree with the judge that

---

[1] A single justice of the Supreme Judicial Court allowed the Commonwealth's application, pursuant to Mass. R. Crim. P. 15 (a) (2), as amended, 476 Mass. 1501 (2017), for leave to pursue an interlocutory appeal in the Appeals Court.

[2] The defendant moved to suppress items obtained from a search of his residence pursuant to a warrant, which included twenty-three pounds of a "green vegetable matter," forty pounds of various products containing tetrahydrocannabinol (THC) (including edible marijuana), financial documents, $2,000 in cash, a letter of standing from the Bank of Newport, and a black Apple iPhone.

the affidavit did not adequately establish probable cause, we affirm.

Under the Fourth Amendment to the United States Constitution and art. 14 of the Massachusetts Declaration of Rights, a search warrant may issue only on a showing of probable cause. See Commonwealth v. Valerio, 449 Mass. 562, 566 (2007). In evaluating whether a warrant application establishes probable cause, our inquiry "always begins and ends with the 'four corners of the affidavit.'" Commonwealth v. O'Day, 440 Mass. 296, 297 (2003), quoting Commonwealth v. Villella, 39 Mass. App. Ct. 426, 428 (1995). "To establish probable cause to search, the facts contained in an affidavit, and reasonable inferences that may be drawn from them, must be sufficient for the magistrate to conclude 'that the items sought are related to the criminal activity under investigation, and that they reasonably may be expected to be located in the place to be searched at the time the search warrant issues.'" Commonwealth v. Walker, 438 Mass. 246, 249 (2002), quoting Commonwealth v. Donahue, 430 Mass. 710, 712 (2000). Probable cause does not require definitive proof of criminal activity. Instead, "[t]he basic question for the magistrate, when evaluating an affidavit supporting an application for the issuance of a search warrant, is whether there is a substantial basis on which to conclude that the articles or activity described are probably present or

occurring at the place to be searched."  Commonwealth v. Spano, 414 Mass. 178, 184 (1993).  "Probable cause to search a particular location for contraband requires a timely, as well as a substantial, nexus to the illegal activity."  Commonwealth v. Pina, 453 Mass. 438, 442 (2009).

A central component of the affidavit at issue in this case was information provided by a confidential informant (CI). "Under the Aguilar-Spinelli standard, if an affidavit is based on information from an unknown informant, the magistrate must 'be informed of (1) some of the underlying circumstances from which the informant concluded that the contraband was where he claimed it was (the basis of knowledge test), and (2) some of the underlying circumstances from which the affiant concluded that the informant was "credible" or his information "reliable" (the veracity test).'"  Commonwealth v. Upton, 394 Mass. 363, 374-375 (1985), quoting Aguilar v. Texas, 378 U.S. 108, 114 (1964).  "In general, the basis of knowledge prong is satisfied where the information provided springs from an informant's firsthand observations or knowledge."  Commonwealth v. Arias, 481 Mass. 604, 618 (2019).  "[I]n the absence of a statement detailing the manner in which the information was gathered, it is especially important that the tip describe the accused's criminal activity in sufficient detail that the magistrate may know that he is relying on something more substantial than a

casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation." Commonwealth v. Robinson, 403 Mass. 163, 165 (1988), quoting Spinelli v. United States, 393 U.S. 410, 416 (1969). "If the informant's tip does not satisfy each aspect of the Aguilar test, other allegations in the affidavit that corroborate the information could support a finding of probable cause." Upton, supra at 375, citing Spinelli, supra at 415. "[E]ach element of the test must be separately considered and satisfied or supplemented in some way." Upton, supra at 376.

With these general principles in mind, we turn to the contents of the affidavit at issue in this case. On February 22, 2021, a detective from Newport, Rhode Island (detective) contacted a Massachusetts State Police trooper (trooper) with information the detective had received from the CI, whose identity was known to the detective, about an individual distributing marijuana in and around Fall River. According to the CI, "Kevin Smyth of 44 Russell Street sold marijuana by the pound and stored it inside his residence for distribution. Recently, [the CI] had observed Kevin in possession of seventeen pounds (17 lbs.) of marijuana and several firearms and believed he was storing those items in his house." On a previous occasion, the CI had provided information to the detective that led to the seizure of an illegally possessed firearm.

4

Upon receiving this information from the detective, the trooper located the defendant's driver's license record, which indicated that he lived at 44 Russell Street, a two-family residence. The trooper's further investigation showed that the defendant did not have a criminal record, and that there were no records of previous police interactions with him. The defendant did not have an active license to carry or conceal a firearm. Nor did he have a license to grow marijuana in Massachusetts. The trooper also discovered that the defendant owned both units of 44 Russell Street, which he had purchased in 2018.

Investigators subsequently executed a "trash pull" at the defendant's residence on February 26, 2021. There were two bins outside of 44 Russell Street: one for trash and one for recycling. Four bags filled with rubbish were pulled from the trash bin. Inspection of the contents revealed three clear, plastic, heat-sealed bags, cut open and empty. "Each bag had a strong odor of unburnt marijuana," a scent the trooper recognized from his training, knowledge, and experience. The trooper recognized these bags as a common form of packaging marijuana in pounds, and opined that three pounds of marijuana is not consistent with personal use. In addition to the plastic bags, investigators found a letter of standing addressed to the defendant; the letter and the plastic bags were seized as evidence.

A few days later, on March 1, 2021, troopers surveilled 44 Russell Street for one-half hour and saw the defendant call a dog into the left side of the house. Fifteen minutes later, the defendant was seen leaving the house with a small child and a car seat in hand. Based on this information, the trooper applied for and was granted a warrant to search the left side unit of 44 Russell Street for evidence of unlawful marijuana distribution.[3]

The Commonwealth argues that the affidavit satisfied both prongs of Aguilar-Spinelli. We disagree. Specifically, the affidavit did not sufficiently establish the basis for the CI's belief that marijuana was stored in the defendant's home. Although the CI stated that the CI saw the defendant with seventeen pounds of marijuana and several firearms, the CI did not say that the CI saw them in the defendant's home. Instead, the affidavit merely stated that the CI "believed" that the marijuana was stored in the defendant's home. See Pina, 453 Mass. at 441, quoting O'Day, 440 Mass. at 304 ("there must be specific information in the affidavit . . . to provide 'a sufficient nexus between the defendant's drug-selling activity

---

[3] Sought evidence included marijuana; books, records, and cell phones containing evidence of past and future drug transactions; and money used or intended for use in the distribution of marijuana, including any money believed to be the proceeds of the unlawful sale or distribution of marijuana.

6

and his residence to establish probable cause to search the residence'").[4]

The Commonwealth acknowledges, appropriately, that the CI's "belief" without an identified basis of knowledge, standing alone, was insufficient to establish probable cause that drugs were to be located in the defendant's residence. Nevertheless, the Commonwealth argues that the subsequent police investigation supplied sufficient corroboration to overcome the missing basis of knowledge for the CI's belief. We are not persuaded. To begin, almost all the information gathered during the investigation merely corroborated innocent details such as the defendant's name and residence, which were matters of public record. "Corroboration of innocent details is normally less significant in establishing probable cause than corroboration of facts suggestive of criminal conduct." Commonwealth v. Bottari, 395 Mass. 777, 784 (1985). Moreover, although the empty heat-sealed bags smelling of unburnt marijuana located in the trash bin were corroborative to a degree, without more, they were not enough to elevate the CI's unsubstantiated belief to something

_____

[4] Deciding as we do, we need not, and do not, consider whether the CI's reliability was sufficiently established by having previously provided information leading to the seizure of an illegal firearm together with the fact that the CI's identity was known to the detective. But even assuming that the CI's information was reliable, it was nonetheless insufficient to establish probable cause.

akin to knowledge with an identified basis.  See Arias, 481 Mass. at 618 (CI's information must be based on firsthand observations or knowledge).  This case is weaker than Commonwealth v. Matias, 440 Mass. 787 (2004), where the CI had a firsthand basis of knowledge from his history of purchasing pounds of marijuana from the defendant.  Furthermore, the CI's information was tied to the defendant's residence by the discovery of a "large amount" of plastic wrap containing an herbal substance believed to be marijuana, as well as many large baggies containing an herbal substance that tested as marijuana, in the trash outside the defendant's residence, together with paperwork bearing the defendant's name and address.  Matias, supra at 789-790.  Here, as we have already said, the affidavit contained no stated basis for the CI's belief that drugs were stored at the defendant's residence, and the three ripped

plastic bags in the trash were materially less corroborative than the evidence delineated in Matias.

Order allowing motion to suppress affirmed.

By the Court (Wolohojian, Neyman & Smyth, JJ.[5]),

*Joseph F. Stanton*

Clerk

Entered: March 16, 2023.

---

[5] The panelists are listed in order of seniority.