## Commonwealth vs. James W. Kuszewski.

Suffolk.  March 1, 1982. — April 13, 1982.

Present: Hennessey, C.J., Abrams, Nolan, & O'Connor, JJ.

*Search and Seizure,* Warrant. *Practice, Criminal,* Interlocutory appeal.

In the circumstances, the Commonwealth had a right of interlocutory
appeal to the full court after a single justice of this court, following his
determination that the administration of justice would be facilitated
by the appeal, allowed a defendant's motion to suppress evidence in a
criminal proceeding. [803-804]
Where an affidavit in support of a search warrant relied on information
not from a "reliable informant," but from the informant's friend, and
was silent as to the reliability of the friend, a single justice of this court
correctly allowed the defendant's motion to suppress evidence ob-
tained as a result of the execution of the search warrant. [804-805]

Indictments found and returned in the Superior Court
Department on September 22, 1981.

A pretrial motion to suppress evidence was heard by
*Donohue,* J.

An application for an interlocutory appeal was allowed in
the Supreme Judicial Court for the county of Suffolk by
*Wilkins,* J., and the appeal was heard by him.

*William E. Loughlin,* Assistant District Attorney, for the
Commonwealth.

*Paul F. Markham* for the defendant.

Nolan, J.  We are asked to decide two issues in this case:
(1) whether the Commonwealth has a right of interlocutory
appeal to the full court after a single justice of the court has
allowed the defendant's motion to suppress evidence, and;
(2) whether the single justice committed reversible error in
allowing the defendant's motion to suppress.  We rule that
the Commonwealth has a right of interlocutory appeal to
the full court under the circumstances of this case and that

the single justice was correct in allowing the defendant's motion to suppress.

1. *Right of the Commonwealth to appeal.* After the defendant had been indicted for the crimes of possession of cocaine and of marihuana with intent to distribute; and for knowingly or intentionally manufacturing, distributing, dispensing, or possessing "with intent to manufacture, distribute or dispense more than 50 lbs. but less than 100 pounds of marijuana, a controlled substance, as defined in Chapter 94C," he filed a motion to suppress all the evidence obtained as a result of the execution of a search warrant issued by the assistant clerk of the Gardner District Court. The trial judge denied the motion and the defendant applied for leave to appeal to this court. A single justice of this court ruled that the administration of justice would be facilitated by the appeal and allowed the application. The single justice heard the matter and concluded that the motion to suppress should have been allowed. His order reads in part: "[T]he order denying the motion to suppress is vacated and an order shall be entered in the Superior Court allowing the defendant's motion to dismiss." It seems clear that the reference to the defendant's motion to dismiss should be read as a reference to the defendant's motion to suppress. The Commonwealth applied for leave to appeal from the order of the single justice, and the defendant filed a motion to dismiss the Commonwealth's appeal. He argues that our recent decision in *Commonwealth* v. *Dunigan*, 384 Mass. 1 (1981), bars the Commonwealth's appeal. We do not agree. *Dunigan's* procedural scenario was different. In *Dunigan*, after the trial judge allowed the defendant's motion to suppress the evidence, the Commonwealth applied to a single justice of this court for interlocutory review pursuant to G. L. c. 278, § 28E, and Mass. R. Crim. P. 15 (b) (2), 378 Mass. 882 (1979). The single justice determined in that case that the administration of justice would not be facilitated by granting the Commonwealth leave to appeal. *Dunigan, supra* at 3-4. In the instant case, the single justice ruled that, "the administration of justice would be facilitated"

(the language is from rule 15 (b) (2), *supra* at 884) by permitting the defendant's interlocutory appeal. In *Dunigan,* the alleged error was the ruling by the single justice that the administration of justice would not be facilitated by the Commonwealth's appeal. In the present case, the appeal is from a ruling of substantive law on the motion to suppress.

Furthermore, this case presents one of those exceptional circumstances in which interlocutory review is recommended because the order of the single justice, if erroneous, "might be irremediable, and possibly not curable . . . since the [Commonwealth] could not thereafter be placed in statu quo." *Gilday* v. *Commonwealth,* 360 Mass. 170, 171 (1971), quoted with approbation in *Dunigan* at 5. Accordingly, we hold that in the particular setting of this case, the defendant's motion to dismiss the Commonwealth's appeal should be denied.

2. *Motion to suppress.* The only issue before the single justice was the adequacy of the search warrant and its supporting affidavit, the material parts of which are set forth in the margin.[1] The vice of this affidavit is reliance on infor-

---

[1] The supporting affidavit is quoted in pertinent part, as follows: "I received information from a reliable informant who stated that James Kuszewski is selling cocaine from his first floor apt. at 27 Upsula St. Gardner, Mass. This reliable informant has given me information in the past which led to the arrest and conviction of Richard Morin. Richard Morin was arrested on March 21, 1980 for poss. of a cont. sub. (cocaine) w/intent to distribute. Seven grams of cocaine was confiscated during the arrest. Richard Morin was later convicted in Worc. Superior Court for poss. of a cont. sub. (cocaine) w/intent to distribute. This arrest and conviction was due to the information this reliable informant gave to me.

"This reliable informant stated on or about 05/12/81 'it' was at James Kuszewski's apt. at 27 Upsula St. first floor. While at this apt. this reliable informant's friend bought one half ounce of cocaine for $1100.00. This reliable informant's friend asked when 'it' could buy some more cocaine. James Kuszewski stated to his reliable informant's friend that 'it' could buy more cocaine either Thursday afternoon (05/14/81) or Fri. morning (05/15/81). James Kuszewski stated he keeps a half ounce of cocaine in the apt. at all times. James Kuszewski then took a half ounce of cocaine out of the refrigerator.

"With this information I respectfully request the court to issue me a search warrant for 27 Upsula St. first floor. Also for the person of James Kuszewski."

mation not from the "reliable informant," but from the informant's friend. Though the informant's reliability would seem to pass constitutional muster under *Aguilar* v. *Texas*, 378 U.S. 108, 114 (1963), the information concerning the purchase was furnished by the informant's friend who was present, and not by the informant. The affidavit is silent as to the reliability of the friend. For this reason, the affidavit is defective. See and contrast *Commonwealth* v. *Snow*, 363 Mass. 778, 783 (1973). The single justice's explanation of the affidavit is on the mark when he says in his order: "The affidavit states that the informant's friend purchased cocaine and asked when 'it' could purchase more. The second and third references to 'it' can only mean the informant's friend. 'It' must mean the informant's friend in all references to 'it'. The affidavit fails to set forth any underlying facts from which the informant with personal knowledge concluded that the contraband was at the defendant's apartment." We agree with his analysis.

Therefore, the order of the single justice allowing the defendant's motion to suppress is affirmed.

*So ordered.*