COMMONWEALTH vs. FREDERICK W. ALLEN, THIRD.

Plymouth. December 5, 1989. - February 5, 1990.

Present: LIACOS, C.J., ABRAMS, NOLAN, O'CONNOR, & GREANEY, JJ.

*Constitutional Law*, Search and seizure, Probable cause. *Search and Seizure*, Affidavit, Probable cause. *Probable Cause.*

Where an affidavit in support of an application for a search warrant did not establish the veracity of an anonymous informant who had purchased drugs in the defendant's house and where no other information in the affidavit corroborated the informant's tip, the warrant was issued without probable cause and the evidence seized thereunder should have been suppressed. [578-580]

INDICTMENTS found and returned in the Superior Court Department on November 18, 1986.

A pretrial motion to suppress was heard by *George N. Hurd, Jr.*, J., and the cases were heard by *Suzanne V. DelVecchio*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Jack M. Atwood* for the defendant.

*Linda M. Fleming*, Assistant District Attorney, for the Commonwealth.

O'CONNOR, J. After a jury-waived trial before a judge in the Superior Court, the defendant was found guilty of unlawful cultivation of marihuana, unlawful possession of cocaine with intent to distribute, and unlawful possession of marihuana with intent to distribute, and was sentenced to concurrent one-year terms followed by three years' probation on each of the charges. The defendant filed an appeal in the Appeals Court and we transferred the case here on our own motion. The defendant's sole argument on appeal is that there was error in the denial of his pretrial motion to sup-

press evidence. The defendant contends that the affidavit in support of the search warrant failed to establish probable cause. We agree with him, and therefore reverse the judgments.

On November 9, 1984, Officer William E. Curtis of the Plymouth police department applied for and was issued a search warrant for the defendant's house. The affidavit that Curtis submitted in support of the application for the warrant relied almost exclusively on information supplied by three unnamed informants, who shall be referred to as informants A, B, and C. With regard to those three informants the affidavit was as follows:

> "[Informant A] In mid September 1984 I had conversation with a reliable informant. Information from this informant has led to successful prosecutions in Superior Court involving narcotic cases. At this time my informant told me that a subject named Fred Allen of Jordan Rd. Plymouth was dealing cocaine from that location. He/she went on to tell me that they had never been to that location personaly, but had seen cocaine in the posession of other people who claimed to have purchased it at Allens house. On or about 8 November 1984 I again had conversation with the above mentioned informant. At this time he/she told me that they had seen a quarter ounce of cocaine within the last three days which had come from Allens house. My informant told me that the person holding the cocaine told him that he had just scored at Allens house, and that Allen was holding a large stash of cocaine.
> "[Informant B] On or about 8 November 1984 I had conversation with another reliable informant. Information from this informant has led to several narcotic convictions in Plymouth District and Brockton Superior Court. At this time my informant told me that Fred Allen of Jordan Rd. Plymouth was handling large amounts of cocaine at his house. My informant went on to tell me that he/she had never personaly been to Al-

lens house but had heard subjects talk about how good Allens business was.

"[Informant C] On or about 9 November 1984 I had conversation with an informant. At this time he/she told me that Fred Allen of Jordan Rd. Plymouth was selling marijuana from his house. He/she went on to tell me that they had been to Allens house within the last five days and had purchassed a quantity of marijuana at that location. He/she further told me that they have been to Allens house several times before and had purchassed either marijuana or cocaine at that location each time. He/she also told me that Allen was busiest on weekends."

The only other arguably relevant fact contained in the affidavit was that the defendant had been convicted of possession of marihuana in 1980.

In order to determine whether an affidavit that relies on information from unnamed informants sets forth facts sufficient for a finding of probable cause, the affidavit must be evaluated under the standards first enunciated by the United States Supreme Court in *Aguilar* v. *Texas*, 378 U.S. 108 (1964), and *Spinelli* v. *United States*, 393 U.S. 410 (1969), and adopted by this court for challenges under the State Constitution in *Commonwealth* v. *Upton*, 394 Mass. 363 (1985) (*Upton II*). A magistrate must "be informed of (1) some of the underlying circumstances from which the informant concluded that the contraband was where he claimed it was (the basis of knowledge test), and (2) some of the underlying circumstances from which the affiant concluded that the informant was 'credible' or his information 'reliable' (the veracity test). *Aguilar* v. *Texas*, *supra* at 114. If the informant's tip does not satisfy each aspect of the *Aguilar* test, other allegations in the affidavit that corroborate the information could support a finding of probable cause. *Spinelli* v. *United States*, *supra* at 415." *Commonwealth* v. *Upton*, 390 Mass. 562, 566 (1983) (*Upton I*). Each prong of the *Aguilar-Spinelli* test must be independently

considered and satisfied. *Upton II, supra* at 375-376. In re-viewing a finding of probable cause, only the facts revealed on the face of the affidavit and any reasonable inferences therefrom may be considered. *Commonwealth* v. *Jean-Charles,* 398 Mass. 752, 757 (1986). *Commonwealth* v. *Smith,* 370 Mass. 335, 338 n.3, cert. denied, 429 U.S. 944 (1976).

Turning to the specifics of this affidavit, the motion judge concluded, and the Commonwealth does not dispute, that informants A and B did not pass the *Aguilar-Spinelli* basis of knowledge test. According to the affidavit, the only information these two informants imparted to the affiant was hearsay gained from third parties whose reliability was not established. There was nothing in the affidavit to indicate that the undetailed information from informants A and B was anything more than a "casual rumor or a mere reflection of the reputation of the supposed actor." *Commonwealth* v. *Kaufman,* 381 Mass. 301, 303 (1980). Therefore, as the judge concluded, the affidavit as to those informants was ineffective. See *Commonwealth* v. *Kuszewski,* 385 Mass. 802, 805 (1982).

In contrast, informant C's basis of knowledge was apparent in the affidavit. Unlike the other two informants, informant C, according to the affidavit, had been inside the defendant's house and had purchased drugs there. First-hand receipt of information through personal observation satisfies the basis of knowledge prong of *Aguilar-Spinelli. Commonwealth* v. *Parapar,* 404 Mass. 319, 322 (1989).

The more difficult issue in this case, and the one on which we disagree with the motion judge, is whether the affidavit properly established informant C's veracity. The affidavit did not suggest that informant C had ever provided reliable information in the past, as informants A and B had. Nonetheless, the motion judge found that the veracity prong of the *Aguilar-Spinelli* test had been met by the statement in the affidavit that the defendant had been convicted in 1980 for possession of marihuana.

A defendant's criminal history may be factored into a probable cause determination as corroboration of an informant's tip, but only if the history is sufficiently recent and similar to the crime charged to demonstrate that "the defendant was not averse" to committing such a crime. *Commonwealth v. Germain,* 396 Mass. 413, 418 n.7 (1985). It is clear that the defendant's four year old conviction is insufficient. It is not " 'weighty enough to establish reflexively' that the informant was trustworthy or that the assertions of criminal activity were well buttressed." *Upton I, supra* at 571, quoting *Commonwealth v. Kaufman, supra* at 303. "Well-established is the principle that the 'proof must be of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time.' " *Commonwealth v. Atchue,* 393 Mass. 343, 349 (1983), quoting *Sgro v. United States,* 287 U.S. 206, 210 (1932).

The Commonwealth argues that veracity was also shown by the fact, not relied on by the judge, that informant C had made a statement against his or her penal interest. We do not agree. It is true that, by admitting to purchases of drugs at the defendant's home, informant C implicated himself or herself in a violation of G. L. c. 94C, § 34, and that, in appropriate circumstances, a magistrate may consider such a statement as one factor bearing on an informant's reliability. *Parapar, supra* at 322. However, one of the necessary circumstances for consideration of such a statement is that the identity of the informant be known to the police. *Commonwealth v. Nowells,* 390 Mass. 621, 626 (1983). Because an anonymous informant has nothing to fear by disclosing participation in illegal activities, a statement against penal interest by such an informant cannot be said to be a sign of reliability.

The affidavit at issue does not state that informant C's identity was known to the police nor does it contain any information from which one could reasonably infer that informant C's identity was known. The affidavit merely states that the affiant had a conversation with informant C. In these circumstances, it would have been improper for the

magistrate to give any weight to informant C's incriminating statements.

There were no other indications in the affidavit that informant C or the information provided by him or her was reliable. The Commonwealth in its brief points to the mutually corroborative nature of the information from the three informants. However, in order for this to be considered in a magistrate's probable cause determination the informants must provide "detailed statements corroborating each other in significant, detailed respects." *Nowells, supra* at 627. The lack of detail in the informants' statements in this affidavit is striking, especially when compared to other cases that have come before this court. See, e.g., *Parapar, supra.* It is also noteworthy that none of the information provided by the informants was corroborated by independent police investigation.

None of the informants satisfies the requirements of *Aguilar-Spinelli,* and there is nothing else in the affidavit to compensate for those deficiencies. See *Commonwealth* v. *Bottari,* 395 Mass. 777, 783 (1985). Considering the affidavit as a whole, *Commonwealth* v. *Stewart,* 358 Mass. 747, 751 (1971), we conclude that the warrant was issued without probable cause. Therefore, the evidence seized should have been suppressed.

*Judgments reversed.*
*Findings set aside.*