COMMONWEALTH *vs.* ALLEN O. TSHUDY (and a companion case[1]). No. 92-P-376. June 24, 1993. *Search and Seizure*, Probable cause, Warrant, Affidavit. *Constitutional Law*, Probable cause, Search and seizure. *Probable Cause.*

Although there may have been deficiencies in the confidential informant's basis of knowledge (i.e., the informant's personal knowledge of the inculpatory facts[2]), police surveillance and a controlled buy of marihuana sufficiently filled gaps so as to establish probable cause for a search warrant. It was error to allow motions to suppress evidence on the ground that the search warrant upon which police acted was inadequately supported.

Complaints for possession of marihuana with intent to distribute it (G. L. c. 94C, § 32C) and possession of a Class C substance (G. L. c. 94C, § 34) provided the context of the suppression motions. Those complaints were the product of evidence obtained in a search triggered by the following facts, contained in the affidavit made in support of an application for a search warrant. A confidential informant told a detective in the Westminster police department that for several months he had been buying marihuana from a subordinate dealer who worked for the defendant

relies, provides no substantive information beyond that referred to in the text of our opinion.

[1]Commonwealth *vs.* Jeanne L. Tshudy.

[2]See *Aguilar* v. *Texas*, 378 U.S. 108, 113-115 (1964); *Spinelli* v. *United States*, 393 U.S. 410, 412-416 (1969); *Commonwealth* v. *Upton*, 394 Mass. 363, 374-376 (1985); *Commonwealth* v. *Luce, ante* 105, 106 (1993).

Allen O. Tshudy. As the informant described his transactions, he and the subordinate (or street) dealer would meet; the informant would place the order and pay cash; the subordinate dealer would drive to Tshudy's residence at 197 Davis Road, Westminster, to buy the requested marihuana; and then the subordinate dealer would return to the informant, to whom he would deliver the drugs.

No more than forty-eight hours before he made his affidavit, Detective Salvatore J. Albert, Jr., arranged with the informant for a controlled buy from Tshudy, employing the usual steps in that investigatory tactic: he searched the informant to assure that he did not then possess drugs; he provided the informant with money; and the informant was kept under police observation as he went about the business of purchasing drugs from the target. The police watched the informant as he met with the subordinate dealer; followed the subordinate dealer as he travelled to 197 Davis Road (keeping the informant under observation all the while); watched the subordinate dealer leave 197 Davis Street after a short time and return to the informant; and watched the informant after that encounter return to his police controllers. To them the informant turned over the marihuana he had acquired.

On the strength of this information, the police obtained a warrant to search the defendant Allen O. Tshudy's residence at 197 Davis Road and seized assorted plastic bags of vegetable matter, which proved out as marihuana, as well as accouterments associated with drug dealing such as a triple beam scale, a safe, a mirror, a razor, and straw (the last three more commonly associated with cocaine rather than marihuana). All the fruits of the seizure were subject to the suppression order entered by a judge of the District Court.

In making that suppression order the judge relied on *Commonwealth* v. *Kuszewski*, 385 Mass. 802, 804-805 (1982), of which the instant case seemed to the judge "almost a replica." Suppression was warranted in *Kuszewski* because the information about the details of the defendant's drug dealing in that case came not from the informant on whom the government relied, but from the informant's friend. The informant himself had no basis of knowledge but was relying on that of his friend. As for the affiant in *Kuszewski*, he did not know whether the intermediary friend had any personal knowledge of the inculpatory facts which would support a search warrant. So here, the informant on whom Detective Albert relied did not have personal knowledge of what was going on in Tshudy's house; the informant relied entirely on the middleman, the subordinate dealer. Detective Albert did not know whether the subordinate dealer had personal knowledge of what was likely to be found in Tshudy's house or whether the subordinate dealer was someone who ought to be believed. See also *Commonwealth* v. *Allen*, 406 Mass. 575, 576-578 (1990).

Neither the *Kuszewski* or *Allen* case, however, included a controlled buy as a basis of probable cause to issue a search warrant. That investigatory

tactic has been held to shore up weaknesses which arguably may appear in the information supplied by informants. *Commonwealth* v. *Benlien*, 27 Mass. App. Ct. 834, 838-839 (1989). In themselves, the observations of police officers monitoring a controlled buy provide the police applicants for a search warrant with a solid basis of knowledge, and the issuing magistrate surely is entitled to regard the accounts of the percipient officers as reliable. Some authorities have expressed the same conclusion slightly differently. They have commented that when the police investigators rely on information supplied to their informants by others, i.e., when the on-the-ground observations are one step removed, the police may "confirm the story told to their informant by surveillance of the nonassertive conduct of the person who was the informant's source." 1 LaFave, Search and Seizure § 3.3(d), at 111 (2d ed. Supp. 1993). *State* v. *Mejia*, 111 Wash. 2d 892, 897-898 (1989), is illustrative. In that case a middleman was quoted by the informant as the basis for information about where drugs could be obtained. Reliability and factual basis were supplied by observations that the police made of the middleman during a series of controlled buys.

*Order suppressing evidence*
*seized December 20, 1990,*
*vacated.*

*Michael A. Uhlarik*, Assistant District Attorney, for the Commonwealth.

*George N. Tobia* for Allen O. Tshudy.

*Gregory V. Roach* for Jeanne L. Tshudy.