Lauriat, J.
On the evening of February 9, 1993, members of the Framingham Police Department executed a “no-knock” search warrant at David Griffey’s apartment at 30 Grant Street in Framingham, Massachusetts. Evidence seized during this search resulted in the defendant’s indictment for trafficking in cocaine over 14 grams (001), unlawful possession of steroids (002), and unlawful possession of a hypodermic syringe (003).
Griffey has now moved this court to suppress from evidence at trial, “all items seized as a result of a search of his person, and/or the premises at 30 Grant Street” on February 9, 1993, on the grounds that the police obtained the evidence in violation of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and Article Fourteen of the Massachusetts Declaration of Rights because the warrant was issued without probable cause.
Both the defendant and the Commonwealth have submitted written memoranda and waived an eviden-tiary hearing. Therefore, the court will address the motion to suppress solely on the basis of the affidavit submitted in support of the search warrant. Upon consideration of that affidavit and the memoranda presented by the parties, the court makes the following rulings of law and order with respect to the defendant’s motion to suppress evidence.
RULINGS OF LAW
Information presented to a magistrate must establish probable cause to issue a search warrant. Probable cause may be established through information provided by a confidential informant. When utilizing a confidential informant, Massachusetts law requires the application of the two-pronged Aguilar-Spinelli test. Commonwealth v. Upton, 394 Mass. 363 (1985). The confidential informant must have both a basis of knowledge for its information and the informant must have proven veracity. Id. Where an informant is not otherwise known to the police, a “controlled buy” of illegal drugs may be used to corroborate the informant’s information and thereby satisfy both prongs of Aguilar-Spinelli. Commonwealth v. Tshudy, 34 Mass.App.Ct. 955 (1993); Commonwealth v. Rodriguez, 415 Mass. 447 (1993).
While the police are usually required to knock and announce their presence when executing a search warrant, if evidence of safety concerns or destruction of evidence is provided to the magistrate, a “no-knock” warrant may issue. Commonwealth v. Scalise, 387 Mass. 413 (1982). In cases where a magistrate approves a “no-knock” warrant, the police are nonetheless required to reassess the need for an unannounced entry at the threshold before executing the warrant. Id. at 421. Evidence may be suppressed if obtained pursuant to a “no-knock” warrant where no probable cause established the need for the “no-knock” provision, and/or where circumstances upon execution of the search warrant did not require it. Commonwealth v. Gomes, 408 Mass. 43 (1990); Commonwealth v. Gondola, 28 Mass.App.Ct. 286 (1990); Commonwealth v. Manni, 398 Mass. 741 (1986).
In the case before the court, the affidavit in support of the search warrant identifies two different confidential informants. One informant (CI-1) gave police information about drug activity in the defendant’s apartment. Another informant (CI-2) provided information to the police about the existence of a gun in the defendant’s apartment.
The information provided by CI-1 satisfies the Aguilar-Spinelli test despite the fact that the Framingham Police had never utilized this informant before. CI-1 provided information to the police about illegal drug activity in the defendant’s apartment and then successfully purchased a controlled substance from the defendant in a police supervised “controlled buy.” Thus, information provided by CI-1, corroborated by the subsequent controlled purchase of drugs, was sufficient to establish probable cause for the police to obtain a warrant to search the defendant’s apartment.
The affidavit, however, provides no information regarding CI-2. The affidavit states only that, “(tjhis informant stated that it had observed a black revolver handgun in the apartment of David Griffey within the past month.” The affidavit provides no basis of knowledge for this informant to make its claim. Nor is there any information in the affidavit to show the reliability of this informant or its information. CI-2 fails both prongs of the Aguilar-Spinelli test. Therefore, there was no probable cause to issue a "no-knock” warrant.
liven if the issuance of a “no-knock” warrant was proper in this case, the police were required to reconsider this aspect of the warrant upon executing it. There is no evidence before the court that they did so, or that, under the circumstances then existing, that requirement should be waived. For this reason as well, the “no-knock” search warrant was invalid and the items seized during the search of Griffey’s apartment must be suppressed.
ORDER
For the foregoing reasons, the defendant’s Motion to Suppress the items obtained during a search of the defendant’s apartment at 30 Grant Street in Framing-ham, Massachusetts on February 9, 1993 is ALLOWED.