# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-4214

———————

United States of America,

        Appellee,

v.

Jessie L. Robinson,

        Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* Western District of Missouri.
\*
\*
\*

———————

Submitted: May 19, 2006
Filed: August 1, 2006

———————

Before WOLLMAN, BOWMAN, and RILEY, Circuit Judges.

———————

WOLLMAN, Circuit Judge.

Jessie L. Robinson was convicted in the district court[1] of two counts of distribution of cocaine base in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(C) and one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(A). We affirm.

In October and November 2003, Jefferson City police officers observed two separate drug transactions between Robinson and a confidential informant. In each

---

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

transaction, Robinson sold fifty dollars worth of crack cocaine to the informant.  On November 26, 2003, Officer Shawn Hagerty stopped a vehicle driven by Robinson that failed to stop at a stop sign.  While Officer Hagerty checked Robinson's license and registration, Officer Curtis Finke, who was assisting with the traffic stop, watched Robinson from the passenger side of the vehicle.  Officer Finke watched as Robinson sat staring straight ahead, holding the steering wheel with both hands.  Robinson then quickly reached into his coat pocket,  pulled out an object, and placed it between his seat and the center console.  Officer Hagerty returned to the driver's side of the vehicle and issued Robinson a warning for the stop sign violation.  Officer Finke then asked Robinson about the object  he had taken from his pocket.  Initially, Robinson denied taking anything out of his pocket, but after Officer Finke insisted that he had seen Robinson place an object between the seat and center console, Robinson began to pull objects from under the seat.  The third object that Robinson produced was a digital scale with a white powdery substance on it.

The officers then asked Robinson to step out of the vehicle, and Officer Hagerty patted him down for weapons.  When the officers directed Robinson to step to the rear of the vehicle, Robinson began, on his own initiative, to remove items from his pockets and place them on the bumper.  Because Officer Hagerty did not see one large object that he had felt during the patdown, he reached into the pocket of Robinson's coat, whereupon Robinson turned and ran from the scene.  The officers caught Robinson and found two bags of crack cocaine in his pocket.  Two more bags of crack cocaine and a roll of cash totaling $1938 were found on the ground, where they had apparently fallen from Robinson's pocket.  The four bags contained a total of 63.32 grams of crack cocaine.

The district court denied Robinson's motion to suppress the evidence obtained during the search and arrest.  Following a jury trial, Robinson was found guilty of two counts of distribution of cocaine base and one count of possession with intent to distribute more than fifty grams of cocaine base.  The district court sentenced

Robinson to concurrent 210-month sentences on the distribution charges and imposed a sentence of life imprisonment on the possession charge.

On appeal, Robinson argues that because the evidence against him resulted from an unconstitutional search and seizure, the district court erred in admitting it.[2] Robinson concedes that the initial traffic stop was lawful, but he argues that it ended when Officer Hagerty issued him a warning. Thus, Robinson argues, the officers could lawfully continue to detain him only if they had a reasonable suspicion of criminal activity. Robinson argues that no basis existed for such reasonable suspicion, so the continued questioning by Officer Finke was an unreasonable detention that violated Robinson's Fourth Amendment rights.

On appeal from a denial of a motion to suppress, we review for clear error the factual findings of the district court and we review *de novo* the legal determination that the Fourth Amendment was not violated. United States v. Roberson, 439 F.3d 934, 939 (8th Cir. 2006). Once Officer Hagerty decided to allow Robinson to depart with a warning, any subsequent detention or search was limited by the strictures of the Fourth Amendment. United States v. $404,905.00 in U.S. Currency, 182 F.3d 643, 648 (8th Cir. 1999). This dividing line is artificial, however, and we do not find a

---

[2]Robinson asserts two other arguments, both of which are without merit in light of our controlling precedent. First, his argument that the distinction in 21 U.S.C. § 841 between "cocaine" and "cocaine base" is ambiguous fails in light of our cases holding that "cocaine base" in that statute is synonymous with "crack cocaine." United States v. Vesey, 330 F.3d 1070, 1073 (8th Cir. 2003); United States v. Crawford, 83 F.3d 964, 965-66 (8th Cir. 1996); United States v. Jackson, 64 F.3d 1213, 1216-20 (8th Cir. 1995). At Robinson's trial, two experts testified that the substance he possessed and distributed was crack cocaine. Second, we have squarely rejected Robinson's argument that the district court violated his Sixth Amendment jury rights by enhancing his statutory sentence based on a judicial determination that his prior convictions constituted felony drug offenses. See United States v. Perry, 437 F.3d 782, 786 (8th Cir. 2006).

constitutional violation if there was a *de minimis* intrusion beyond that point.  Id. at 649.

We apply an objective standard to determine whether there was a seizure. United States v. Morgan, 270 F.3d 625, 630 (8th Cir. 2001).  If a reasonable person in Robinson's circumstances would have felt free to leave, the exchange he had with Officer Finke was consensual and does not implicate the Fourth Amendment.  See id. We need not determine whether the conversation initiated by Officer Finke was consensual or coercive, however, and we need not decide whether reasonable suspicion existed to justify a seizure.  Even assuming that Robinson is correct that Officer Finke's questions amounted to a seizure without reasonable suspicion, we have upheld seizures of less than ten minutes as *de minimis* intrusions that do not amount to an unreasonable seizure.  See United States v. Alexander, 448 F.3d 1014, 1017 (8th Cir. 2006); United States v. Martin,  411 F.3d 998, 1000-02 (8th Cir. 2005); Morgan, 270 F.3d at 631-32; $404,905.00, 182 F.3d at 647-49.  Although the record does not reflect the exact duration of the conversation between Robinson and Officer Finke, it does indicate that it lasted only a few minutes before Robinson produced the scale.  Robinson does not contest the district court's determination that the scale provided probable cause for further investigation.  We thus conclude that, even if a suspicionless seizure occurred during the period from the conclusion of the lawful traffic stop until the officers unquestionably had probable cause, it was a *de minimis* intrusion that did not constitute an unreasonable seizure within the meaning of the Fourth Amendment.

The judgment is affirmed.

_____

-4-