# United States Court of Appeals
### For the Eighth Circuit

_____

No. 11-3579
_____

United States of America

*Plaintiff - Appellee*

v.

Asa Adams

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa, Waterloo

_____

Submitted: April 17, 2012
Filed: August 21, 2012
[Unpublished]

_____

Before RILEY, Chief Judge, MELLOY and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Asa Adams entered a plea of guilty to one count of being an illegal drug user in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2),

conditioned on his right to appeal the district court's[1] denial of his motion to suppress evidence obtained from a search of his vehicle. For the reasons discussed below, we affirm the denial of the motion to suppress.

On the evening of October 27, 2010, two officers of the Waterloo, Iowa police department observed a vehicle making an improper turn. The officers initiated a traffic stop. During the stop, Adams, who was driving, and a passenger remained seated inside the vehicle. The traffic stop was recorded by a camera located in the officers' squad car. The officers called dispatch to check on both men's driver's licenses, and by about eight minutes into the traffic stop, they had learned that no problems were discovered with the licenses and registrations. The two officers huddled to discuss how to proceed. They discussed observing potential "blunts"[2] and a "bottle of booze" in a paper bag in the vehicle, although they did not believe the bottle was open. One of the officers noted, "Well, I'm not smelling anything. Their eyes are clear as hell." The officers decided to attempt to obtain consent to a search.

At about nine-and-a-half minutes into the traffic stop, the two officers, accompanied by a third officer who had responded separately to the scene, returned the driver's licenses to Adams and his passenger. One officer then asked Adams if he "would like to step out for a second." Adams complied, and the officer asked, "I'm going to check you for weapons. Do you have anything on you that will hurt me?" Adams responded, "I have a gun." At that point, the officers placed Adams in handcuffs but advised him that he was not under arrest. The officers proceeded to

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa, adopting the report and recommendation of the Honorable Jon S. Scoles, United States Magistrate Judge for the Northern District of Iowa.

[2]A "blunt" is a cigar or cigarette that has been hollowed out and refilled with marijuana.

search the vehicle and discovered the firearm. Adams subsequently admitted to having smoked marijuana earlier that day.

Adams moved to suppress the evidence obtained from the search, arguing, *inter alia*, that the officers violated the Fourth Amendment by unreasonably extending the traffic stop and asking him to step out of the vehicle after they had returned his driver's license. The district court denied the motion, holding that any extension of the lawful stop was a *de minimis* intrusion that did not violate the Fourth Amendment.[3] Adams now appeals.

"With regard to a district court's ruling on a motion to suppress, we review the findings of fact for clear error and legal conclusions de novo." *United States v. Mohamed*, 600 F.3d 1000, 1004 (8th Cir. 2010). Where a traffic stop is justified, a law enforcement "officer may conduct an investigation that is reasonably related in scope to the circumstances that initially justified the stop." *United States v. Bracamontes*, 614 F.3d 813, 816 (8th Cir. 2010). To be sure, a "constitutionally permissible traffic stop can become unlawful . . . if it is prolonged beyond the time reasonably required to complete its purpose." *Id.* (quoting *United States v. Peralez*, 526 F.3d 1115, 1119 (8th Cir.2008)) (internal quotation marks omitted). However, an intrusion that "occurs after a very short lapse of time from when the purpose of the traffic stop has been completed . . . is a de minimis intrusion, and therefore, under the general rule of reasonableness, the stop does not violate the Fourth Amendment." *Mohamed*, 600 F.3d at 1005. For example, we have held that detaining a driver for two minutes, *see United States v. Martin*, 411 F.3d 998, 1002 (8th Cir. 2005), or four minutes, *see United States v. Alexander*, 448 F.3d 1014, 1017 (8th Cir. 2006), after the completion of a lawful traffic stop for the purpose of conducting a canine drug sniff are *de minimis* intrusions.

---

[3]Adams also asserted several other Fourth Amendment challenges in his motion to suppress, but he does not appeal the district court's rejection of those challenges.

Here, there is no dispute that the stop was unduly prolonged, if at all, only when the officers asked Adams if he would like to step out of the vehicle after his driver's license had been returned. Adams does not challenge the district court's finding that, after the conclusion of the traffic stop, the additional delay "was only a matter of seconds." Such a *de minimis* intrusion after the completion of a lawful traffic stop is not an unreasonable seizure for purposes of the Fourth Amendment. *See United States v. Robinson*, 455 F.3d 832, 833-34 (8th Cir. 2006) (holding that, assuming that a traffic stop ended when the defendant was issued a warning for the traffic violation, further questioning by law enforcement that "lasted only a few minutes" was at most "a *de minimis* intrusion that did not constitute an unreasonable seizure within the meaning of the Fourth Amendment"). The fact that Adams, unlike the driver in *Robinson*, was asked if he would like to step out of the vehicle does not increase the intrusiveness of this brief delay beyond a *de minimis* level. *Cf. Pennsylvania v. Mimms*, 434 U.S. 106, 111 (1977) ("We think this additional intrusion [an order to get out of the car] can only be described as *de minimis*. The driver is being asked to expose to view very little more of his person than is already exposed.").

Accordingly, we affirm the denial of the motion to suppress.

_____